THE KEESEVILLE NATIONAL BANK, Respondent, v. SWEEPER MANUFACTURING CORPORATION, Appellant.— Plaintiff is the owner and holder of the notes upon which suit is brought. Summary judgment has been granted. Defendant gave the notes aggregating $5,000 to R. Prescott & Son, Inc., payable in three months. One of the notes dated August 3, 1933, was renewed; and both became finally due on February 3, 1934. Negotiations were carried on during the summer between the Prescott corporation and defendant, and others, and had reached a point on August 3, 1933, so that an agreement was drafted and signed by only one of the parties, the Prescott corporation. On August 14, 1933, the final agreement was reached, and duly executed in writing by all parties thereto. According to this agreement the Prescott corporation was to manufacture certain articles of merchandise for the defendant on specified terms; and in addition the Prescott corporation was given an option to purchase stock of the defendant, and secure control thereof upon the payment of $25,000 before August 14, 1934. The Prescott corporation was not required by the agreement to pay or advance any moneys to defendant, except upon the exercise of this option. Pending negotiations, after the making of a draft of the agreement, and before the execution of the final agreement, the defendant delivered the notes in question to the Prescott corporation, and received the face value thereof in cash. Rufus A. Prescott was president of the Prescott corporation and also president of the bank. Roger Prescott was secretary and treasurer of the Prescott corporation and vice-president of the bank. Defendant's proof on the motion indicates that it would have been necessary for the Prescott corporation to borrow money to make payment of the $25,000 in the event of exercising the option mentioned; but that they, as its president and treasurer of the bank, were disinclined to seek the loan from the plaintiff, because the bank would thereby be embarrassed, and the Banking Department frowned on such credit extended to officers of the bank; and that they would accept defendant's notes and discount them, and turn over the proceeds; and this was done. Upon defendant's own showing, this course was pursued either to prevent the bank from having any connection with the transactions between Prescott corporation and defendant, as above described, or to deceive the bank. In either case the bank cannot be charged with participation, or with knowledge. It does not appear that Prescott corporation exercised its option,

or became indebted to defendant under the agreement alleged, in any degree. The defense of *res adjudicata* is also raised. It appears from the papers that another action was brought by the bank against the defendant to recover on one or more of a series of notes alleged to have been given by defendant under the same agreement. None of the papers on that motion is submitted here. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.